FREDERICK W.V. SCHADT, ESQ. Counsel-Town Board of Assessors-Jeffersonville
This is in reply to your request of September 20th in which you seek an opinion of the Attorney General concerning the application of tax exemptions to the properties of a fraternal benefit society under Section 468 of the Insurance Law. You state that certain real property in the town of Bethel is owned by SOKOL, U.S.A. which is a fraternal benefit society organized under the Insurance Law. Your inquiry is directed particularly toward real property tax exemption for lands of this society with respect to local school tax.
Section 468 of the Insurance Law states:
 "Every fraternal benefit society organized or licensed under this article is hereby declared to be a charitable and benevolent institution, and all of its funds shall be exempt from all and every state, county, district, municipal and school tax, other than taxes on real estate and office equipment."
This section has been a part of the Insurance Law for many years, having derived from the Laws of 1909 and 1911; but there appears to be neither case law nor explicit proof of legislative intent available to shed light on the wording adopted by the legislature in this statute. The funds of the society are exempt from "school tax," along with other state and local taxes, but are not exempt from "taxes on real estate." At first glance the recited exemption appears to be contradictory since "school tax" has generally been accepted for many years as the real property tax levy for the support of local school districts. However, in the context in which it appears, "school tax" is listed not to define the nature of the tax but to enumerate the types of governmental units which might have authority to levy taxes of one nature or another. The funds are exempt from taxes levied by the state, by the county, by the district, by a municipality, and by a school district — so long as the type of tax involved is not a tax onreal property.
In this respect the words of the statute are specific and must be given their common meaning in the absence of legislative intent to the contrary. There is no exemption from any form of real estate tax and the annual school tax is a real estate tax.
Article 13 of the Real Property Tax Law sets forth provisions relating to the taxing power of school districts. Section 1308 provides for the levy of school district taxes upon all of the realty situate within the boundaries of the district. The statute expressly provides that:
 "Such taxes shall be levied against each parcel of such real property. In all cases the levy shall be deemed as against the real property itself."
Further, an analysis of the language of Section 468 of the Insurance Law taken as a whole indicates that the statute was not intended to create a tax exemption for real estate. In addition to the explicit exception for real estate taxes, the statute provides that the "funds" of such societies shall be exempt. The term "funds," as used generally and as used in ordinary meaning in statutes excepting fraternal beneficiary funds from taxation, connotes personal property, such as money, notes, drafts, etc. Under these status real estate is not generally exempted from taxation as "funds." (See Appleman, On Insurance, Volume 19, Section 10622 at p. 325, Status of Fraternal Insurance Companies, see footnote 50; see also 84 Corpus Juris Secundum, Taxation, Section 295, Fraternal and Beneficial Associations, p. 604 at Section 295 (d) (1), p. 607.)
I conclude, therefore, that real property owned by a fraternal benefit society organized under the Insurance Law is not entitled to any real property exemption from school taxes or any other real property taxes by virtue of Section 468 of the Insurance Law.